UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS BAHAM, | Case No. 2:23-cv-00822-ART-BNW |
| Plaintiff, | ORDER |
| v. | |
| ELENA LEE GRAHAM, *et al.*, | |
| Defendants. | |

Before the Court is an ex parte motion for temporary restraining order (ECF No. 2) filed by pro se plaintiff Dennis Baham. Defendants have not yet appeared in this case. For the reasons set forth in this order, the Court declines to issue an ex parte temporary restraining order and orders Defendants to respond within seven (7) days of Defendants' appearance in this case.

**I.     BACKGROUND**

According to Mr. Baham's complaint (ECF No. 1 ("Complaint")) and ex parte motion for temporary restraining order (ECF No. 2), Mr. Baham was subject to an eviction proceeding in the Clark County Justice Court. (Complaint at 8.) At a hearing held on April 19, 2023, Judge Elana Lee Graham rejected Mr. Baham's argument that the Justice Court lacked jurisdiction to issue a writ of restitution evicting Mr. Baham. (*Id.*) Mr. Baham attached a copy of a writ of restitution signed by Judge Graham on May 2, 2023 which stated that eviction will take place on May 25, 2023, as well as an order dated April 20, 2023 stating that the Bank of New York Mellon has met its burden to show its right to possession of the subject property. (ECF No. 2 Exh. I.)

Mr. Baham initiated a challenge to his eviction in the Clark County District Court. Mr. Baham attached a copy of a minute order in which Judge Jacob A. Reynolds denied Mr. Baham's ex parte motion for temporary restraining order

1  and preliminary injunction because Mr. Baham has already been evicted. (ECF
2  No. 2 Exh. H.) Mr. Baham claims that it is not true that he has already been
3  evicted. (ECF No. 2 at 3-4.)

4  Mr. Baham alleges violations of Nevada law and the Fair Debt Collection Practices Act ("FDCPA"). Mr. Baham brings six claims: (1) wrongful foreclosure; (2) libel; (3) forgery; (4) FDCPA violations; (5) slander of title; and (6) intentional infliction of emotional distress. (Complaint at 9-10.) Mr. Baham claims that foreclosure was improper under Nevada law and the FDCPA because a promissory note was not included with the notice of default, the notice of default lacked signatures, Shellpoint Mortgage Servicing lacked authority to authorize a foreclosure against Mr. Baham, and the mortgage lien was extinguished by NRS 106.240 because the balance had been fully due for more than 10 years. (ECF No. 2 at 7-8.) Construing Mr. Baham's complaint liberally, the Court will construe Mr. Baham's claims about the Justice Court's lack of jurisdiction as a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment.

**II.   DISCUSSION**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. *Id.* at 20.

**A.   DUE PROCESS**

Mr. Baham argues that he was deprived of his constitutional right to due process when the Justice Court issued the writ of restitution evicting him without

jurisdiction. However, Mr. Baham cites only Texas law for the proposition that "justice courts do not have authority over suits 'for trial of title to land.'" (Complaint at 12.) Mr. Baham explains that under Texas law, justice courts have original jurisdiction over possession and district courts have original jurisdiction over title. (*Id.*) These citations are not compelling in Nevada. Rather, it appears that the Justice Court has jurisdiction over eviction actions. NRS 4.370. Mr. Baham has not shown likelihood of success on this claim.

### B.   ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman Doctrine bars federal courts from hearing de facto appeals from state court judgments. The state appellate system, not a federal district court, is the proper forum to review state court judgments. The Rooker-Feldman Doctrine bars a federal case as a de facto appeal of a state court judgment when: (1) the state court case has been fully rendered before the plaintiff filed the second federal case, and (2) the second federal case is a pure challenge to the legal conclusions of the first case. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). A second federal case alleging that the state proceedings themselves violated constitutional rights, e.g. due process, is not barred by the Rooker-Feldman Doctrine, since that is not a de facto appeal of the underlying first case but rather concerns a separate wrong.

Aside from his Due Process claim, Mr. Baham's wrongful foreclosure claim and FDCPA claim challenge the results of his eviction proceeding in Clark County Justice Court and the denial of his ex parte temporary restraining order in Clark County District Court. Mr. Baham does not show why these claims are not de facto appeals of state court judgments barred by the Rooker-Feldman Doctrine. Therefore, Mr. Baham had not shown likelihood of success on these claims.

### C.   REMAINING CLAIMS

Mr. Baham alleges that the defendants defamed him by filing documents in the underlying actions which contain false information. Mr. Baham does not

identify the statements specifically or explain how these statements would not be protected by the litigation privilege. *See Shapiro v. Welt*, 133 Nev. 35, 40, 389 P.3d 262, 268–69 (2017). Nor does Mr. Baham explain what documents were allegedly forged or how the defendants' conduct amounts to intentional infliction of emotional distress. Mr. Baham has not shown likelihood of success on the merits of these claims.

### III.   CONCLUSION

The Court declines to issue a temporary restraining order on an ex parte basis. The Court orders the defendants to respond to Mr. Baham's motion within seven (7) days of the date of their service in this case. Mr. Baham may then reply within seven (7) days of the defendants' response and the Court will consider whether to issue a temporary restraining order.

DATED THIS 31st day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE