UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS BAHAM, | Case No. 2:23-cv-00822-ART-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ELENA LEE GRAHAM, *et al.*, | |
| Defendants. | |

Defendants have filed a Joint Motion to Stay Discovery Pending Resolution of Motion to Dismiss (ECF No. 67). Plaintiff opposed the request. ECF No. 75. No reply is necessary to determine this request.

**BACKGROUND**

Mr. Baham's complaint alleges violations of Nevada law and the Fair Debt Collection Practices Act ("FDCPA"). Mr. Baham brings six claims: (1) wrongful foreclosure; (2) libel; (3) forgery; (4) FDCPA violations; (5) slander of title; and (6) intentional infliction of emotional distress. ECF No. 1 at 9-10. Mr. Baham claims that foreclosure was improper under Nevada law and the FDCPA because a promissory note was not included with the notice of default, the notice of default lacked signatures, Shellpoint Mortgage Servicing lacked authority to authorize a foreclosure against Mr. Baham, and the mortgage lien was extinguished by NRS 106.240 because the balance had been fully due for more than 10 years. (ECF No. 2 at 7-8). Construing Mr. Baham's complaint liberally, the Court also construed Mr. Baham's claims about the Justice Court's lack of jurisdiction as a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment.

The parties are familiar with the arguments made in favor and against the instant motion. As a result, this Court does not restate them here.

///

///

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

In determining whether to stay the discovery, the Court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the Court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the Court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). But this Court can also determine whether to stay discovery by considering whether (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Schrader v. Wynn Las Vegas, LLC,* No. 2:19-cv-02159, 2021 WL 4810324, at *2–4 (D. Nev. Oct. 14, 2021).

Plaintiff does not argue that the pending motion is not potentially dispositive of the entire case or that it cannot be decided without additional discovery.

This Court took a "preliminary peek" at the pending dispositive motion and finds that Defendants have made the strong showing necessary to support the requested stay. First, this Court notes Plaintiff's failure to address many of the arguments made by NewRez in its Reply to the Motion to Dismiss. *See* ECF No. 36. The same can be said with regard to Defendant Graham's immunity arguments. *See* ECF No. 35. The district court could grant the unopposed arguments in Defendants' Motion to Dismiss under LR 7-2(d). On a more substantive note, this Court finds the arguments regarding the doctrine of prior exclusive jurisdiction, the Rooker-Feldman doctrine, and claim preclusion to be convincing. Lastly, this Court largely agrees with the pleading problems regarding the remainder of the claims.

Additional good cause exists under Fed. R. Civ. P 26(c) to stay discovery based on the number of (unsuccessful) cases that have been filed regarding the property in question.

## CONCLUSION

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** the parties' Joint Motion to Stay Discovery (ECF No. 67) pending resolution of motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that the hearing set for November 30, 2023 is hereby **VACATED.**

If the district judge denies the motion to dismiss, the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss. The proposed discovery plan and scheduling order must comply with LR 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: November 16, 2023.

**Brenda Weksler**
**United States Magistrate Judge**