UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DENNIS BAHAM, | Case No. 2:23-cv-00822-ART-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ELENA LEE GRAHAM, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Dennis Baham brings this action concerning the foreclosure of his home. (ECF No. 1.) Before the Court are multiple motions by Plaintiff and Defendants, including (1) Plaintiff's Ex Parte Emergency Motion for Relief (ECF No. 20), (2) Defendant New Rez, LLC's Motion to Dismiss (ECF No. 23), (3) Defendant Akerman, LLP's Motion to Dismiss (ECF No. 43), (4) Defendant New Rez, LLC's Motion to Declare Dennis Baham A Vexatious Litigant and for Entry of a Prefiling Order (ECF No. 51), (5) Plaintiff's Motions to Extend Time (ECF Nos. 54, 55), (6) Plaintiff's Motion for Leave to File Supplemental Pleadings (ECF No. 57), (7) Defendant New Rez, LLC's Motion to Expunge Lis Pendens (ECF No. 59), and (8) Defendant New Rez, LLC's Motion for Attorney Fees (ECF No. 60). Because the Court finds that it lacks jurisdiction over this case based on the Rooker-Feldman Doctrine, the Court will dismiss the case.

**II.  BACKGROUND**

Plaintiff disputes the foreclosure of his home in Clark County Justice Court. (ECF No. 1 at 8.) At a hearing on April 19, 2023, Judge Elena Lee Graham rejected Plaintiff's argument that the Justice Court lacked jurisdiction to issue a Writ of Restitution evicting Plaintiff from the home. (*Id.*)

Plaintiff alleges multiple violations of Nevada law and the Fair Debt Collection Practices Act (FDCPA), Plaintiff's claims include the following causes of action: 1) wrongful foreclosure; 2) libel; 3) forgery; 4) violations of the FDCPA; 5) slander of title; and 6) infliction of emotional distress. (*Id.* at 9-10.) Plaintiff asserts various issues with the foreclosure, including Shellpoint Mortgage Servicing (Shellpoint) not having the mortgage note, the justice court evicting plaintiff despite the existence of a title dispute, and the mortgage lien no longer existing because it had been extinguished under NRS 106.240 since the balance had been due for more than 10 years. (ECF No. 2 at 7-8.)

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine precludes this federal action. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005).

The *Rooker-Feldman* doctrine applies beyond direct challenges to state court decisions. "The doctrine also precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal." *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1167 (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)). "*Rooker-Feldman* may also apply where the

2

1  parties do not directly contest the merits of a state court decision, as the doctrine
2  'prohibits a federal district court from exercising subject matter jurisdiction over
3  a suit that is a *de facto* appeal from a state court judgment.'" *Reusser v. Wachovia*
4  *Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*,
5  359 F.3d 1136, 1139 (9th Cir. 2004)).

6  This Court must determine whether the present action operates as a de
7  facto appeal. To determine whether an action functions as a prohibited de facto
8  appeal, courts "pay close attention to the relief sought by the federal-court
9  plaintiff." *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting
10 *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of
11 relief would constitute a reversal or "undoing of the prior state-court judgment,"
12 *Rooker–Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*,
13 334 F.3d at 900 (internal quotations and citations omitted).

14 If the court lacks subject matter jurisdiction, it must dismiss the case.
15 Federal courts are courts of limited jurisdiction, meaning they can only hear
16 cases authorized by the United States Constitution or federal statutes. *Owen*
17 *Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As a result, if a court
18 lacks subject matter jurisdiction, it must dismiss the action. *See Arbaugh v. Y&H*
19 *Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks
20 subject-matter jurisdiction, the court must dismiss the complaint in its entirety.")
21 When resolving this facial challenge to subject matter jurisdiction, the Court
22 assumes the factual allegations of the complaint to be true and draws all
23 reasonable inferences in favor of the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117,
24 1121 (9th Cir. 2014).

25 Plaintiff's claims are precluded under the *Rooker-Feldman* doctrine. Here,
26 Plaintiff alleges various due process violations in connection with the Justice
27 Court's foreclosure of his home. (*See* ECF No. 1 at 8-9.) Because Plaintiff seeks
28 to reverse his eviction and the foreclosure of his home, which would necessarily

3

require undoing a prior state-court judgment, this Court cannot intervene. *See Reusser*, 525 F.3d at 859-860 (finding extrinsic fraud claims by mortgagors who had been foreclosed upon during pendency of their bankruptcy proceeding were barred by the *Rooker-Feldman* doctrine).

### B.     Judicial Immunity

While the Court will dismiss this action on the basis of the Rooker-Feldman doctrine, it also notes that Judge Graham is entitled to absolute judicial immunity. Judges and those performing judge-like functions are absolutely immune from Section 1983 monetary liability for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiff alleges Judge Graham is not entitled to any immunity because she allegedly violated the law during the April 19, 2023, hearing in which she granted a Writ of Restitution in the underlying unlawful detainer case (ECF No. 1 at 15.) However, Nevada justice courts have jurisdiction over unlawful detainer actions pursuant to NRS 4.370, so Judge Graham was acting pursuant to her judicial capacity. NRS 4.370(h). Since Plaintiff's claims relate to actions by Judge Graham in her judicial capacity, the Court finds the claims against Judge Graham cannot proceed anyways.

## IV.    CONCLUSION

The Court notes that Plaintiff and Defendants made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant New Rez, LLC's Motion to Dismiss (ECF No. 23), Plaintiff's Motion for Leave to File Supplemental Pleadings (ECF No. 57), and Motion to Expunge Lis Pendens (ECF No. 59) are granted.

It is further ordered that the following motions are denied: Ex Parte Emergency Motion for Relief (ECF No. 20), Motion to Dismiss Complaint by

Akerman LLP (ECF No. 43), Motion to Declare Dennis Baham a Vexatious Litigant and for Entry of a Prefiling Order (ECF No. 51), Motions to Extend Time (ECF Nos. 54 and 55), and Motion for Attorney Fees (ECF No. 60).

It is further ordered that the case is dismissed without prejudice.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 13th Day of March 2024.

_____
ANNE TRAUM
UNITED STATES DISTRICT JUDGE